```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DENNIS J. HERNON, | 1:16-cv-01612-NLH-AMD |
| Plaintiff, | **OPINION** |
| v. | |
| JENNIFER WEBB-MCRAE, individually and in her official capacity as Cumberland County Prosecutor, and CUMBERLAND COUNTY PROSECUTORS OFFICE, | |
| Defendants. | |

**APPEARANCES:**

ALLAN E. RICHARDSON
THE VIGILANTE LAW FIRM
99 N. MAIN ST.
MULLICA HILL, NJ 08062
    On behalf of Plaintiff

A. MICHAEL BARKER
VANESSA ELAINE JAMES
BARKER, GELFAND & JAMES
LINWOOD GREENE
210 NEW ROAD - SUITE 12
LINWOOD, NJ 08221
    On behalf of Defendants

**HILLMAN, District Judge**

Presently before the Court is the motion of Defendants for summary judgment on Plaintiff's claims that he was discriminated and retaliated against during his employment with the Cumberland County Prosecutor's Office ("CCPO"). For the reasons expressed below, Defendants' motion will be granted.

**BACKGROUND**

Plaintiff, Dennis J. Hernon, began working for the Cumberland County Prosecutor's Office on August 20, 2007 as an Assistant Prosecutor. For seven years prior to his employment with CCPO, Plaintiff was a full-time active duty member of the United States Army. On August 25, 2009, Plaintiff was commissioned as a First Lieutenant in the Army Reserves. Over the next twelve years, Plaintiff's employment with CCPO was interspersed with several military assignments: May 5, 2010 to June 18, 2010; January 2011 to October 2012; July 2013 to June 2014; and August 2016 to August 2017.

Plaintiff alleges that he was discriminated and retaliated against at CCPO by the Cumberland County Prosecutor, Defendant Jennifer Webb-McRae, because of his military service. Plaintiff has asserted claims for violations of the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4311(a), and the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1 et seq. Defendants have moved for summary judgment. Plaintiff has opposed Defendants' motion.[1]

**DISCUSSION**

**A. Subject matter jurisdiction**

The Court has subject matter jurisdiction pursuant to 28

---

[1] As discussed below, see, infra, note 2, Plaintiff has not opposed Defendants' motion on several of his claims.

2

U.S.C. § 1331 because Plaintiff brings claims arising under federal law. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**B.  Summary judgment standard**

Summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(a).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)(quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id. Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57. A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements. Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

**C.  Analysis**

Plaintiff claims that Defendants discriminated and retaliated against him because of his military service in three ways: (1) Webb-McRae denied Plaintiff's June 2013 request to attend a three-day continuing legal education class the week before he left for a year-long deployment without adequate justification; (2) he received disparate treatment arising out of an April 2015 altercation with a public defender at the courthouse; and (3) Plaintiff applied for a promotion to team leader in November 2015, but the two positions available were

offered to co-workers who were not in the military.[2]

---

[2] Plaintiff's complaint alleges several other instances of retaliation, including CCPO's investigation of Plaintiff's alleged inappropriate relationship with a female public defender, Webb-McRae's inquiry into whether Plaintiff could postpone one of his military duty assignments because of a pending trial, and Plaintiff's transfer from the trial unit to the grand jury unit. (See Complaint, Docket No. 1-1.) Defendants have sought summary judgment on these claims in their moving brief, but Plaintiff does not raise those claims in his opposition, and he does not oppose Defendants' motion on those claims. In such an instance, courts often deem those claims as abandoned or waived. See Fischer v. G4S Secure Solutions USA, Inc., 2014 WL 2887803, at *15 (D.N.J. 2014) (deeming waived a plaintiff's argument that he was fired for threatening to speak out about unfair labor practices to the NLRB because in his brief he only argued that he was terminated because he shared his concerns with management) (citing Aetna Health Inc. v. Davila, 542 U.S. 200, 212 (2004) (deeming an argument waived when the "[r]espondents did not identify this possible argument in their brief in opposition"); Travitz v. Ne. Dep't ILGWU Health & Welfare Fund, 13 F.3d 704, 711 (3d Cir. 1994) ("When an issue is not pursued in the argument section of the brief, the appellant has abandoned and waived that issue on appeal."); Person v. Teamsters Local Union 863, 2013 WL 5676739, *4 (D.N.J. 2013) ("Where a party only defends a subset of claims in opposition to a dispositive motion, the Court will construe those claims that were not defended as abandoned."); Leone-Zwillinger v. N.J., 2007 WL 1175786, at *3 (D.N.J. 2007) ("[W]hen a party fails to offer any argument or evidence . . . in opposition to defendants' motion for summary judg[]ment, such claims may be deemed to be have been abandoned.")); see also Gist v. Burlington Coat Factory Warehouse Corp., 2014 WL 4105015, at *4 (D.N.J. 2014) (granting summary judgment in the defendants' favor on the plaintiff's employment discrimination claims because the plaintiff did not address defendants' arguments in their moving papers, instead only focusing on his retaliation claims) (citing Duran v. Merline, 923 F. Supp. 2d 702, 723 (D.N.J. 2013) ("Plaintiff has apparently abandoned [his] claim . . . since his opposition papers do not proffer any facts or evidence to support it."); Damiano v. Sony Music Entm't, Inc., 975 F. Supp. 623, 637 (D.N.J. 1997) (rejecting claims that were "expressly abandoned by plaintiff when he

Under USERRA,

> An employer shall be considered to have engaged in actions prohibited . . . if the person's membership . . . [or] service . . . in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership . . . [or] . . . service.

38 U.S.C. § 4311(c)(1). This statutory burden-shifting is applied in the following manner:

> [A]n employee making a USERRA claim of discrimination . . . bear[s] the initial burden of showing by a preponderance of the evidence that the employee's military service was a substantial or motivating factor in the adverse employment action. If this requirement is met, the employer then has the opportunity to come forward with evidence to show, by a preponderance of the evidence, that the employer would have

---

failed to address them in response to defendants' motion for summary judgment")).

Under Federal Rule of Civil Procedure 56(e), "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the court may, among other things, "grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it."

The Court finds that Plaintiff's failure to address Defendants' motion on several of his claims demonstrates that he has abandoned those claims, or concedes that they are unavailing. The Court also finds that even if Plaintiff did not intend to abandon or concede those claims, they fail as a matter of law because, according to the law set forth in this Opinion in discussing the claims on which Plaintiff has opposed summary judgment, see, infra, pages 6-14, the investigation into Plaintiff's relationship with a public defender, Webb-McRae's inquiry into the flexibility of Plaintiff's military assignment relative to a pending trial, and his transfer from the trial unit to the grand jury unit are not adverse employment actions, and even if they were, the evidence in the record does not demonstrate a material issue of fact as to whether Plaintiff's military service was the substantial or motivating factor in those actions.

6

taken the adverse action anyway, for a valid reason. Carroll v. Delaware River Port Authority, 160 F. Supp. 3d 771, 775–76 (D.N.J. 2015) (quoting Sheehan v. Dep't of the Navy, 240 F.3d 1009, 1013 (Fed. Cir. 2001); applied by McMahon v. Salmond, 573 F. App'x 128 (3d Cir. 2014); Murphy v. Radnor Twp., 542 F. App'x 173 (3d Cir. 2013); Hart v. Twp. of Hillside, 228 F. App'x 159 (3d Cir. 2007) ("The District Court should have employed USERRA's burden-shifting framework, as enunciated in Sheehan, rather than the McDonnell Douglas framework.")).

A plaintiff's burden is relatively light: "'[M]ilitary status is a motivating factor if the defendant relied on, took into account, considered, or conditioned its decision on that consideration.'" Carroll, 160 F. Supp. 3d at 775 (quoting Murphy, 542 F. App'x at 177) (other citation omitted). In contrast, an employer's burden is heavier: "[The employer] must prove that it would have taken the adverse action for non-discriminatory reasons, regardless of the employee's military service. This standard of proof is the 'but for' test." Id. (quoting Murphy, 542 F. App'x at 177) (other citations omitted). "Summary judgment is appropriate where the employer's evidence is so compelling and so meagerly contested that a trial would be a waste of time." Id. (citations omitted).

The standard for assessing a plaintiff's claims under USERRA is the same for a plaintiff's claims under the NJLAD.

McMahon, 573 F. App'x 128, 134 (3d Cir. 2014) (explaining that when analyzing cases under the NJLAD, New Jersey and federal courts look to the closest analogous federal statute and adopt its evidentiary framework, which is USERRA in cases where a plaintiff has alleged discrimination arising from a plaintiff's military service).

Applying this standard here, to prevail on his employment discrimination and retaliation claims, Plaintiff must first show that he suffered from an adverse employment action.  An adverse employment action sufficient for a Plaintiff's discrimination claims to proceed must be "'serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment.'" Canete v. Barnabas Health System, 718 F. App'x 168, 169 (3d Cir. 2018) (quoting Robinson v. City of Pittsburgh, 120 F.3d 1286, 1300 (3d Cir. 1997); citing Staub v. Proctor Hosp., 562 U.S. 411, 416-17 (2011)) (describing the adverse employment action requirement in a case concerning violations of USERRA and the NJLAD).

Plaintiff's claim regarding the denial of his request to attend a continuing legal education class does not constitute an actionable adverse employment action.  See Ford v. County of Hudson, --- F. App'x ---, 2018 WL 1640147, at *5-6 (3d Cir. April 5, 2018) (finding that in a gender discrimination and retaliation case, the denial of the plaintiff's Microsoft

8

training request did not amount to an adverse employment action, observing that the "denial of an opportunity to become marginally more efficient in the execution of her duties does not constitute an adverse employment action, particularly where no evidence in the record suggests that any conditions or privileges of her employment were affected as a result") (citing Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (noting the importance of "separat[ing] significant from trivial harms" in determining whether an action is "materially adverse")). Plaintiff has not provided evidence that the denial of his attendance at that particular CLE had any effect on his employment with CCPO.

Moreover, even if the denial were considered to be an adverse employment action, Plaintiff's attempt to show that he was treated differently lacks support in the record. More specifically Plaintiff alleges Webb-McRae approved his co-worker's attendance at the CLE despite that co-worker's failure to follow the proper administrative procedures. However, Plaintiff has not provided proof that the procedures were not followed for the co-worker's request. A one-sentence email from Webb-McRae to the co-worker approving his request does not show that the procedures were not otherwise followed.

Plaintiff has also failed to show that the denial of his request was specifically related to his military service. If

9

Plaintiff had attended the three-day CLE on Tuesday, Wednesday, and Thursday, and took a scheduled vacation day on Monday, he would have had only one day – Friday – to transfer his casefiles before his year-long deployment.  Plaintiff argues that Defendants have not proven that a solid week was needed to transfer his files.  Plaintiff, however, misapprehends his burden of showing by a preponderance of the evidence that his military service was a substantial or motivating factor in the denial of the CLE request rather than neutral case management concerns unrelated to his military service.  Consequently, Plaintiff's discrimination and retaliation claims based on the denial of CLE training are unavailing.

Similarly, the investigation into his altercation with a public defender does not constitute an actionable adverse employment action.  "An investigation alone, without material consequences to an individual's employment, is not an adverse employment action." Paradisis v. Englewood Hospital and Medical Center, 2016 WL 4697337, at *10 (D.N.J. 2016) (citing Campbell v. Supreme Court of New Jersey, 2014 WL 7343225, at *6 (D.N.J. 2014) (citation omitted) (noting that "the filing of a disciplinary action or an investigation into potential misconduct does not qualify as an adverse employment action in and of itself").  "An employer must be free to investigate complaints of employee misconduct without fear of LAD liability.

Only when the investigation results in some real detriment, such as a suspension, demotion, or termination, should the aggrieved employee be able to invoke the protection of the LAD." Spinks v. Township of Clinton, 955 A.2d 304, 316 (N.J. Super. Ct. App. Div. 2008) (citations omitted).

Plaintiff argues that because another co-worker who had a dispute with the same public defender was not investigated, that proves the investigation into his altercation was motivated by his military service. Plaintiff has not provided any evidence to connect the investigation of his incident with the public defender with his status as a military service member. In addition to differences in the two altercations, Plaintiff does not dispute the legitimate reasons for the investigation: he engaged in a heated argument in the courtroom and then in the courthouse hallway with a female public defender, and his immediate supervisor observed the incident and filed a formal memo. In addition, the deputy public defender filed a formal complaint about Plaintiff, in which he requested that Plaintiff be removed from the trial team and no longer handle cases in which female public defenders appeared. Plaintiff also does not show how the investigation into his conduct affected his compensation, terms, conditions, or privileges of employment. Thus, Plaintiff's discrimination and retaliation claims based on the investigation of the incident with the public defender fail.

Finally, with regard to Plaintiff's claim that he was not awarded a promotion because of his military service, that claim also fails. The denial of a promotion may constitute an adverse employment action. See Suders v. Easton, 325 F.3d 432, 434 (3d Cir. 2003) (providing that a tangible employment action includes failing to promote). Plaintiff, however, has not provided evidence that his military service was the substantial or motivating factor in not being selected as a team leader.

A panel of five CCPO employees, including Webb-McRae, considered several applicants, including Plaintiff, for two team leader positions. Plaintiff argues that he was passed over for the promotion because of animus towards his military status, which is evidenced by: (a) Plaintiff having more supervisory experience due to his military service than the two attorneys who were promoted; (b) testimony by a former co-worker who claims she heard Webb-McRae tell the executive assistant prosecutor she was sick and tired of paying employees for extended vacations and other negative comments about employees going on military duty; and (c) Defendants' failure to provide objective measures for the committee members' consideration of the applicants.

Even if the Court were to credit Plaintiff's former co-worker's testimony about Webb-McRae's statement, Plaintiff has not pointed to any evidence that the other hiring committee

members negatively viewed Plaintiff's military status, or that the hiring process was tainted by Webb-McRae's bias toward Plaintiff. The committee listed their top four candidates, Plaintiff did not receive one vote, and the top two vote-getters were promoted. When the promotions were announced, Plaintiff sent an email to Webb-McRae thanking her for the opportunity and stating, "I don't think there is any question that Katie and Lesley were very deserving and I am very happy for them." Simply because Plaintiff is in the military and he did not receive a promotion does not establish that his military service was the reason.[3] Even if Webb-McRae's statements were more than the stray comment of a frustrated administrator,[4] Plaintiff must

---

[3] Plaintiff does not point to evidence in the record regarding the committee members' deliberations and their reasons for awarding the promotion to other candidates. Plaintiff admits that he describes himself as "somewhat blunt and maybe offensive because I tell it like it is, but I am usually not trying to upset anyone." Plaintiff also admits that the executive assistant prosecutor felt that Plaintiff's military experience was a "big positive." Plaintiff further admits that the executive assistant prosecutor felt that the co-worker who testified about Webb-McRae's alleged statement regarding military service has an axe to grind against CCPO based on the conditions she left employment with CCPO. (See Docket No. 53-3, Plaintiff's response to Defendants' statement of material facts not in dispute.)

[4] The proffered testimony is ambiguous at best and even if construed in the light most favorable to Plaintiff simply insufficient to create a genuine issue of material fact. After testifying that paperwork with Plaintiff's name on it triggered the alleged comment by Webb-McRae, the former employee, Francine Hovermann was specifically asked:

tie those comments in some way, even circumstantially, to the challenged promotion decision. Because he has failed to show sufficient evidence that his military service was a substantial or motivating factor in the decision not to award him the promotion, Plaintiff cannot prevail on his discrimination and retaliation claim on this basis.

## CONCLUSION

Plaintiff has not demonstrated genuine issues of material facts that if decided in his favor by a jury would show he suffered from adverse employment actions or acts of discrimination and retaliation by Defendants based on his military status. Consequently, Defendants' motion for summary judgment on all of Plaintiff's claims against them must be granted. An appropriate Order will be entered.

Date: September 4, 2018                s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.

---

> Q. Do you recall [Webb-McRae] ever saying anything to the effect that she couldn't stand it when these people go on military leave?
>
> [Hovermann]. Yes, but I can't say that she said that about [Plaintiff].

[Doc. No. 53-1, pg. 12, lines 8-12.]

Hovermann then went on to testify that when it later came time to approve Plaintiff's request for military leave, Webb-McRae approved it without comment. Id. at page 14, line 19 to page 15, line 1. Hovermann's testimony, when read as a whole, makes clear that Webb-McRae's statements were made in the context of general concerns and not targeted at Plaintiff.

14